## HOURS OF CONTINUOUS SERVICE BY RAILWAY TRAINMEN.

Circuit Court of Richland County.

BALTIMORE & OHIO RAILWAY v. MAGGIE M. COLLINS, ADMINISTRATRIX.

Decided, 1907.

*Railways—Construction of Section 3365-14—Limiting Hours of Continuous Service by Railway Trainmen—Action for Wrongful Death—Charge of Court—Designating One Issue as the Real Issue not Prejudicial Error, When—Evidence.*

1. The fact that railway trainmen have been on duty for more than fifteen consecutive hours does not amount to a violation by the company of Section 3365-14, unless it appears that the company permitted or required them to undertake the run without at least eight hours rest subsequent to their last preceding run, and not then unless the jury find from the evidence that the last preceding run occupied more than fifteen consecutive hours.

2. In an action for wrongful death it is error to permit evidence to go to the jury which embodies an admission by the decedent of his own negligence.

3. The designation in the charge to the jury of one issue in the case as the real issue is not prejudicial to a defendant, but might be a subject of complaint by a plaintiff who had presented several issues upon which he might be entitled to recover.

TAGGART, J.; DONAHUE, J., concurs; McCARTY, J., not sitting.

The defendant in error filed her petition in the court of common pleas of this county, alleging that she was the administratrix of the estate of James W. Collins; that he met his death while in the employ of the Baltimore & Ohio Railroad Company on the morning of December 28, 1904, near Sherwood in the state of Ohio; that the death of said James W. Collins was caused through the negligence of the defendant company in that it permitted and required a certain conductor, Grimes, and his crew to be on duty for more than fifteen consecutive hours, to-wit, forty-eight hours, without relief and without at least eight hours

rest, in violation of Section 3365-14, Revised Statutes; that the defendant below had full knowledge that said Grimes and his crew, at and prior to the time of said collision, had been on duty at least thirty-six hours without rest or sleep or relief; and that in consequence of the extreme cold and by reason of said Grimes and his crew being tired, weary and exhausted in consequence of said continuous duty and service, and loss of sleep and rest, they were incompetent to perform properly the duties devolving upon them, and that, while in that condition, the conductor, Grimes, negligently and carelessly opened the switch and permitted the same to remain open; that the train upon which the deceased was employed was wrecked and his death was caused; and that the company had full knowledge of the violation of said statute, and of the condition of said Grimes, and she prays a recovery.

The answer of the company is, in substance, a general denial with the plea of contributory negligence. On a verdict being returned in favor of the defendant in error and judgment rendered thereon, this proceeding to reverse said judgment was instituted.

Numerous errors are presented for our consideration as to the admission of evidence. The only error of substance that we discover in this record on the admission of evidence is found in the bill of exceptions on page 74. The witness, W. A. Miller, was introduced on behalf of the plaintiff, and testified that he was a member of the crew of the relief train which was sent out on the night of the accident. He was inquired of as to whether he had seen Grimes after that, and he answered, ''Yes, sir.'' This was after the accident occurred. He was then asked: ''What did you hear him say?'' This was objected to and overruled, the court permitted the answer: ''Well, all I heard him say was, 'I don't know how I come to leave that switch open.' '' Here was a declaration permitted to go to the jury as having been made by the conductor, Grimes, of an admission that he had left the switch open which caused the accident. We think that this was prejudicial error.

In respect to the charge of the court, it is claimed that this violates the rule in the case of *Baltimore & Ohio Ry.* v. *Lockwood,* 72 Ohio St., 586, but we think the court clearly defined the

issues in this case, as shown on pages 157 and 158 of the bill of exceptions. The fact that he designated one issue in this case as the real issue is of no prejudice to the plaintiff in error. The defendant in error might complain, if there were several issues upon which she might be entitled to recover and the court singled out one issue and designated it as the real issue. She might complain, but the defendant company has no ground to complain as to this action of the court.

The defendant company requested the court to charge the jury as follows:

" 'Any company operating a railroad over thirty miles in length in whole or in part within the state, shall not permit or require any conductor, engineer, fireman or any trainman on any train, who has worked in his respective capacity for fifteen consecutive hours, again to be required to go on duty or perform any work until he has had at least eight hours rest, except in cases of detention caused by accident, unavoidable or otherwise.'

"The above statute does not apply to this case, no difference how long the time occupied by Grimes in his run from Deshler to Garrett, unless the defendant company had either permitted or required Grimes to undertake this run without at least eight hours rest subsequent to the next preceding run, and not then unless the jury find from the evidence that such next preceding run occupied more than fifteen consecutive hours of time."

We think that this request states the law governing this case and should have been given. This court, however, on page 160, instead of giving this charge, gives the following erroneous instruction to the jury:

"If the train on which which Grimes was conductor was delayed at Sherwood by reason of an accident occurring to its engine, the statute which I have read to you has no application to the facts in this case, unless you find that the defendant, knowing that said Grimes has been on duty for more than fifteen consecutive hours, could have reasonably provided in the due and proper operation of its trains other servants competent to relieve said Grimes and his crew."

This charge is erroneous in that it instructs the jury that if said Grimes had been on duty more than fifteen consecutive

hours, notwithstanding his train was delayed by accident, yet if the company could have reasonably provided, in the proper operation of its trains, other servants competent to relieve said Grimes and his crew.''

This charge is erroneous in that it instructs the jury that if said Grimes had been on duty more than fifteen consecutive hours notwithstanding that his train was delayed by accident, yet if the company could have reasonably provided, in the proper operation of its trains, other servants competent to relieve Grimes, and failed to do so, it would be guilty of negligence. We think this is clearly erroneous and unwarranted by the section of the statute under consideration.

The court also, on page 159, places as we think a wrong construction of said section of the statute, for he in effect instructs the jury that more than fifteen hours service on a continuous trip, without eight hours rest, would be a violation of this statute. This we think, is clearly erroneous and prejudicial.

For the errors indicated in the admission of testimony and for the misdirection of the court to the jury as indicated, the judgment of the court of common pleas will be reversed, the cause remanded for a new trial and further proceedings according to law.

*Cummings, McBride & Wolfe*, for plaintiff in error.
*Skiles, Green & Skiles*, contra.